UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:20 CR 182 SRC |
| v. | ) |
| | ) |
| KEYSHAUN JENKINS, | ) |
| | ) |
| Defendant. | ) |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Keyshaun Jenkins, represented by defense counsel Nathan T. Swanson, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

   A. **The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One and Two, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the indictment.

1

    **B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree to jointly recommend a sentence of 102 months imprisonment. The parties will recommend that the sentence in this case run concurrently with any sentence that the defendant receives for violating the conditions of his supervised release in Case No. 4:18-cr-01004-SRC. The parties understand that the Court is neither a party to nor bound by the recommendations agreed to in this document.

3. **ELEMENTS:**

As to Counts One, the defendant admits to knowingly violating Title 18, United States Code, Sections 2119(1) and 2, the elements of the crime with which he is charged and which he admits committing are:

 (1) The Defendant, acting with another, took a 2014 Volkswagen Passat, VIN#1VWB17A33EC036284, from the presence of another person;

 (2) The Defendant did so by intimidation;

 (3) The Volkswagen Passat had been transported in interstate commerce; and

 (4) At or during the time the Defendant took the Volkswagen Passat, he intended to cause death or serious bodily injury.

As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

 (1) The Defendant, acting with another, committed the crime of Carjacking as set forth in Count One of the Indictment; and

 (2) The Defendant, acting with another, knowingly brandished a firearm in furtherance

2

of that crime.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On February 28, 2020, victims, C.X. and C.G. were in C.X.'s Volkswagen Passat in St. Louis, Missouri, within the Eastern District of Missouri. Both victims got out of the Passat and walked to the rear of the car to look at the car's backup camera, which was not working. While the victims were standing outside the car, two men wearing masks and all dark clothing approached, and one of the men pointed a handgun at the victims. One of the men struck victim C.X. in the side of the head with a gun and demanded his car keys, his cell phone, and the password to his cell phone, which C.X. turned over. The other man demanded victim C.G.'s cell phone and password, and C.G. complied. The men got into C.X.'s Volkswagen Passat and drove away. C.X. and C.G. contacted police, who responded, and a short time later, they were able to locate C.G.'s cell phone on the street about a block away. Police processed the cell phone for evidence and returned it to C.G. The processing of C.G.'s cell phone revealed a latent fingerprint, which was identified by lab personnel and compared to known prints in the AFIS fingerprint database. That comparison showed a match of the print from C.G.'s cell phone to the known prints of the Defendant, Keyshaun Jenkins. On March 4, 2020, the Defendant was arrested by City police detectives when he was ordered to report to his United States Probation Officer. At the time of his arrest, police located the key to C.X.'s Volkswagen Passat, as well as other keys belonging to C.X. The Defendant was transported to the City police station, read his *Miranda* rights, and interviewed. The Defendant initially denied any involvement in the carjacking incident, but after being

3

confronted with some of the evidence from the investigation, the Defendant admitted that he and had been involved in taking the Volkswagen Passat from C.X. and C.G. The Volkswagen Passat was not manufactured in the State of Missouri and would have necessarily been transported in interstate commerce in order to have been located in Missouri on February 28, 2020.

5. **STATUTORY PENALTIES:**

As to Count One, the Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

As to Count Two, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than seven (7) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court shall impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

4

## COUNT ONE

## CARJACKING

A. **Chapter 2 Offense Conduct:**

    i. **Base Offense Level:** The parties acknowledge that the base offense level for Count One is 20 as found in §2B3.1(a).

    ii. **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: Two levels should be added pursuant to §2B3.1(b)(5) because the offense involved carjacking.

B. **Chapter 3 Adjustments:**

    i. **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are

5

grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNT TWO

### BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE

A.   **Chapter 2 Offense Conduct:**

   (i)   **Chapter 2 Offense Conduct:**

      (a)   **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

      (b)   **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

   (ii)   **Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Two, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

B.   **Estimated Total Offense Level**:   Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

   (i)   **Count One**:   The parties agree that the Total Offense Level will be 19.

   (ii)   **Count Two**:   Based on these recommendations, the parties agree that with respect to Count Two, the Defendant will receive a mandatory minimum sentence of no less than 7 years, which will run consecutively to any other sentence Defendant may receive.

D.   **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable

category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

  E. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  A. **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

    ii. **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

  B. **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    C.    **Right to Records:**  The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

    A.    **Disclosures Required by the United States Probation Office:**  The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    C.    **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

D.  **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E.  **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F.  **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G.  **Forfeiture:** The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation, with the exceptions of his cell phone and his identification, which were seized by law enforcement from the Defendant at the time of his arrest. The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner, with the exceptions of his cell phone and his identification.

9

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

10

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

3/15/21
Date

_[signature]_
DONALD S. BOYCE,
Assistant United States Attorney

03·11·21
Date

_[signature]_
KEYSHAUN JENKINS
Defendant

3/11/21
Date

_[signature]_
NATHAN T. SWANSON
Attorney for Defendant

12